# COURT OF APPEALS OF VIRGINIA

## Record No. 1138-25-4

## MAC INMEX, INC.
v.
## DINESH JASANI, ET AL.

Present: Judges AtLee, Friedman and Senior Judge Annunziata
Argued at Alexandria, Virginia

Opinion Issued July 14, 2026[*]

### FROM THE CIRCUIT COURT OF STAFFORD COUNTY
Michael E. Levy, Judge

Cullen D. Seltzer (Andrew Biondi; Sands Anderson PC, on briefs), for appellant.

(Stephen E. Heretick; Stephen E. Heretick, P.C., on brief), for appellees. Appellees submitting on brief.

### MEMORANDUM OPINION BY
### JUDGE ROSEMARIE ANNUNZIATA

MAC Inmex, Inc., appeals the circuit court's judgment awarding possession of a commercial premises to Dinesh Jasani and Vinay Kakadia (collectively, the landlord). MAC Inmex is the successor company of a 2023 merger between two corporations to which the landlord had leased the property in 2016. The circuit court found that MAC Inmex's assumption of the tenancy after the merger violated the lease's prohibition on assignments or transfers without the landlord's written permission. The court rejected MAC Inmex's argument that a 2019 amendment to Code § 13.1-721, which explicitly provides that a merger is not a "transfer," applied to the case. For the following reasons, we affirm the court's judgment.

---

[*] This opinion is not designated for publication. *See* Code § 17.1-413(A).

BACKGROUND

In August 2016, Marvi, Inc. and Ziya, Inc. signed a lease renting commercial property from the landlord for a 10-year term. The lease required the tenants to obtain the landlord's written consent to "transfer or assign" their tenancy. In 2023, Marvi and Ziya merged to become MAC Inmex. After the merger, MAC Inmex claimed to be the tenant under the lease and satisfied all contractual obligations.

Marvi and Ziya did not obtain the landlord's written consent to transfer or assign the lease to MAC Inmex. In January 2024, the landlord sent Marvi, Ziya, and the lease guarantors a notice of intent to cure, asserting that the merger violated the lease's prohibition on transfers or assignments. Marvi and Ziya responded that they had not violated the lease because, upon merger, all rights vested in MAC Inmex as the successor company.

The landlord filed an unlawful detainer asserting that the merger violated the non-transfer clause. Before trial, MAC Inmex filed a brief arguing that under Code § 13.1-721, a merger was not a "transfer, reversion or impairment," and that "every contract right" Marvi and Ziya possessed automatically vested in MAC Inmex. Thus, MAC Inmex maintained that the lease agreement did not require the landlord's written consent "for a merger." MAC Inmex acknowledged that Code § 13.1-721 was amended in 2019 and asserted that the amendment "evidence[d] a clear legislative intent that a merger" is not "a transfer or assignment." Indeed, MAC Inmex's brief posited that the 2019 amendments effected a change in the law by acknowledging that if the merger had occurred before the 2019 amendments, "the amendment could not be applied retroactively to implement the *expanded rights* of the statute to a merger that predated the enactment." (Emphasis added). Still, MAC Inmex argued that it could rely on the 2019 amendment's "expanded rights" because the merger did not occur until 2023.

At the bench trial, MAC Inmex reiterated that under Code § 13.1-721, a merger was "a complete transfer of all rights, contractual and otherwise." MAC Inmex asserted, "*that change* in the law occurred in 2019," and the merger did not occur until 2023. (Emphasis added). MAC Inmex again acknowledged that if the merger had predated the 2019 amendments, the change in the statute "would not have retroactively cured that merger." Consequently, MAC Inmex argued that under the 2019 amendments, the merger was "not an assignment or a transfer." The landlord countered that the version of Code § 13.1-721 in effect when the lease was signed in 2016 controlled interpretation of the lease. The landlord asserted that under the 2016 version, the merger caused a "transfer," which violated the lease's non-transfer clause. *See* Code § 13.1-721(A)(3) (2016); 2005 Va. Acts ch. 765.

Following argument, the circuit court held that the lease should be interpreted under the law that existed when it was signed in 2016, not the 2019 amendment. The court found that the 2019 amendment does not apply retroactively to control the lease's interpretation and that the parties' contractual rights established in 2016 could not be effected by the amendment. Thus, the court held that MAC Inmex's assumption of the tenancy after the merger without the landlord's written consent violated the lease's non-transfer clause. Accordingly, it awarded landlord possession of the premises.

On appeal, MAC Inmex argues that the circuit court erred by awarding the landlord possession of the premises because the 2019 amendment to Code § 13.1-721 was procedural only and did not effect a substantive change to the law. Rather, the amendment merely "clarified ambiguities" in the statute regarding the effect of mergers. MAC Inmex insists that a merger is not and never has been a "species" of assignment as a matter of law, so it must prevail irrespective of which version of the statute applied. Alternatively, MAC Inmex asserts that the court erred by finding that the 2019 amendments did not have "retrospective application."

ANALYSIS

I. MAC Inmex has approbated and reprobated by assuming contradictory positions at trial and on appeal, and many of its arguments are not preserved.

"No ruling of the trial court . . . will be considered as a basis for reversal unless an objection was stated with reasonable certainty at the time of the ruling, except for good cause shown or to enable this Court to attain the ends of justice." Rule 5A:18. "Specificity and timeliness undergird the contemporaneous-objection rule, animate its highly practical purpose, and allow the rule to resonate with simplicity." *Hogle v. Commonwealth*, 75 Va. App. 743, 755 (2022) (quoting *Bethea v. Commonwealth*, 297 Va. 730, 743 (2019)). Indeed, the "*precise* nature" of the argument "must be clear because '[m]aking one specific argument on an issue does not preserve a separate legal point on the same issue'" for review. *Mollenhauer v. Commonwealth*, 73 Va. App. 318, 329 (2021) (alteration in original) (quoting *Johnson v. Commonwealth*, 58 Va. App. 625, 637 (2011)). Even where a position remains the same, a party may not raise a new rationale for that position on appeal and expect this Court to consider it as an initial proposition. *See Commonwealth v. Holland*, 304 Va. 34, 38 (2025) ("Appellate courts are a court of review, not first view."). "[N]either an appellant nor an appellate court should 'put a different twist on a question that is at odds with the question presented to the [circuit] court." *Bethea*, 297 Va. at 744 (quoting *Commonwealth v. Shifflett*, 257 Va. 34, 44 (1999)).

Further, a "litigant cannot 'approbate and reprobate by taking successive positions in the course of litigation that are either inconsistent with each other or mutually contradictory,' or else such arguments are waived." *Amazon Logistics, Inc. v. Va. Emp. Comm'n*, 304 Va. 107, 114 (2025) (quoting *Rowe v. Commonwealth*, 277 Va. 495, 502 (2009)). The doctrine "applies both to assertions of fact and law." *Nelson v. Commonwealth*, 71 Va. App. 397, 403 (2020) (quoting *Babcock & Wilcox v. Areva*, 292 Va. 165, 204-05 (2016)). And it protects "basic notions of fair play in our adversarial system." *Amazon Logistics, Inc.*, 304 Va. at 107. Litigants "must 'elect a

- 4 -

particular position' and are thereafter confined 'to the position that [they] first adopted.'" *Id.* at 115 (alteration in original) (quoting *Matthews v. Matthews*, 277 Va. 522, 528 (2009)).

At trial, MAC Inmex argued that the 2019 amendment to Code § 13.1-721 effected a "change" in the statute by providing that mergers are not transfers as a matter of law. MAC Inmex asserted that the 2019 amendment provided "expanded rights" and that "the amendment could not be applied retroactively to implement the expanded rights of the statute" if the merger had "predated" the amendment. Indeed, Mac Inmex's trial argument rested entirely on the premise that the 2019 amendment "expanded" its rights, and it needed to rely on those expanded rights to prevail. Yet, MAC Inmex now argues that the 2019 amendment was procedural only and did not effect a substantive change in the law; rather, it merely "clarified ambiguities" in the statute. MAC Inmex contends that it does not matter whether the amendment was retroactive because a "merger" is not and never has been a "transfer" or "assignment" as a matter of law, so it should prevail even under the 2016 version of the statute.

MAC Inmex, however, never argued to the circuit court that the merger was not an assignment or transfer as a matter of law regardless of Code § 13.1-721, or that it should prevail even under the 2016 version of the statute. Indeed, MAC Inmex's appellate argument has put a "different twist" on the question "that is at odds with the question presented to the [circuit] court." *Bethea*, 297 Va. at 744 (quoting *Shifflett*, 257 Va. at 44). Thus, those arguments are not preserved for appeal. Rule 5A:18. Moreover, MAC Inmex's appellate arguments are inherently inconsistent with its trial position. Accordingly, MAC Inmex has approbated and reprobated at different stages of litigation, and the only portion of its argument that is not waived is its contention that the 2019 amendment had retroactive effect and should control interpretation of the 2016 lease.

II.  The 2019 amendment to Code § 13.1-721(A)(3) was not retroactive.

We review de novo "issues of statutory interpretation and a circuit court's application of a statute to its factual findings."  *Cole v. Smyth Cnty. Bd. of Supervisors*, 298 Va. 625, 635 (2020).  Likewise, whether "a statute can be applied retroactively is a pure question of law that [this Court] review[s] de novo."  *Doe v. Green*, 304 Va. 536, 544 (2025) (citing *Hannah v. Commonwealth*, 303 Va. 106, 121 (2024)).

Code § 13.1-721 delineates the effect a merger of corporations has on the merging and surviving corporations' rights and liabilities.  *See Metro Van & Storage Co. v. Commonwealth*, 216 Va. 544, 546 (1976) (applying predecessor of Code § 13.1-721 and noting that "the effect of a merger upon a non-surviving corporation is to be determined by the terms and intent of the statutes involved").  In 2016, the statute provided that when a merger occurs:

> Property owned by, and, except to the extent that assignment would violate a contractual prohibition on assignment by operation of law, every contract right possessed by, each . . . entity that merges into the survivor is vested in the survivor without reversion or impairment.

Code § 13.1-721(A)(3) (2016); *see also* 2005 Va. Acts ch. 765.  By contrast, after the 2019 amendment, the statute provides that when a merger occurs:

> All property owned by, and every contract right possessed by, each . . . entity that merges into the survivor is vested in the survivor without transfer, reversion or impairment.

Code § 13.1-721(A)(3); 2019 Va. Acts ch. 734.[1]

"Virginia law does not favor retroactive application of statutes."  *Bailey v. Spangler*, 289 Va. 353, 358 (2015) (citing *Bd. of Supervisors. v. Windmill Meadows, LLC*, 287 Va. 170, 179-80

---

[1] The 2019 amendments were as follows: "~~Property~~ *All property* owned by, and~~, except to the extent that assignment would violate a contractual prohibition on assignment by operation of law,~~ every contract right possessed by, each domestic or foreign corporation or eligible entity that merges into the survivor is vested in the survivor without *transfer,* reversion or impairment."  2019 Va. Acts ch. 734.

(2014)).  "As a matter of first principles, interpreting a law to apply retroactively is 'not favored, and . . . a statute is always construed to operate prospectively unless a contrary legislative intent is manifest.'"  *McCarthy v. Commonwealth*, 73 Va. App. 630, 647 (2021) (alteration in original) (quoting *Berner v. Mills*, 265 Va. 408, 413 (2003)); *see also Gionis v. Commonwealth*, 76 Va. App. 1, 11 (2022) (same); *Booth v. Booth*, 7 Va. App. 22, 26 (1988) (same).

Pertinent here, "new legislation will ordinarily not be construed to interfere with existing contracts, rights of action, suits, or vested property rights."  *Harbour Gate Owners' Ass'n v. Berg*, 232 Va. 98, 103 (1986).  "One of the basic rules of construction of contracts is that the law in force at the date of making a contract determines the rights of the parties under the contract."  *Goldin v. Goldin*, 34 Va. App. 95, 105 (2000) (quoting *Paul v. Paul*, 214 Va. 651, 653 (1974)).  "The law effective when the contract is made is as much a part of the contract as if incorporated therein."  *Paul*, 214 Va. at 653.  Accordingly, "rights accrued . . . under the former law . . . before the passage of an amended statute will not be affected by [the amendment], but will be governed by the original statute, unless a contrary intention is expressed in the later statute."  *Va. Elec. & Power Co. v. State Corp. Comm'n*, 300 Va. 153, 165 (2021) (alterations in original) (quoting *Gloucester Realty Corp. v. Guthrie*, 182 Va. 869, 873 (1944)).

The 2019 amendment to Code § 13.1-721(A)(3) contains no express statement that the amendment applies retroactively.  *See* 2019 Va. Acts ch. 734.  The statute makes no reference to "retroactive" or "retrospective" application.  *See Green v. Commonwealth*, 75 Va. App. 69, 82 (2022) (holding that Code § 19.2-306.1 did not apply retroactively).  And there is no language making the statute applicable to contracts "heretofore and hereafter made."  *See Gloucester Realty Corp.*, 182 Va. at 873; *cf. Duffy v. Hartsock*, 187 Va. 406, 418 (1948) (holding that an amendment relating to another statute that expressly applied to "any judgments heretofore or hereafter rendered" had retroactive effect).

Nor is any retroactive intent otherwise "manifest beyond reasonable question on the face of [the] enactment." *City of Charlottesville v. Payne*, 299 Va. 515, 530 (2021). For example, it includes neither a date on which the statute is retroactive nor deletes any previous date restriction. *See, e.g.*, *Johnson-Bey v. Commonwealth*, 303 Va. 386, 393-94 (2024) (holding that legislation amending and reenacting statute was not retroactive where it did not expressly provide for retroactivity in compliance with Code § 1-238); *Sussex Cmty. Servs. Ass'n v. Va. Soc'y for Mentally Retarded Child.*, 251 Va. 240, 243 (1996) (holding that by removing a time limitation, the General Assembly evinced its intent to make an amendment retroactive).

The use of the terms "*All* property owned by, and *every* contract right," 2019 Va. Acts ch. 734 (emphases added), does not change our conclusion. Although the Supreme Court has held that "unrestrictive modifiers" such as "an," "any," and "all," are "generally considered to apply without limitation," *Sussex Cmty. Servs. Ass'n*, 251 Va. at 243, the Court has relied on such modifiers to find retroactive effect only where additional context supported that conclusion. *See Street v. Commonwealth*, 75 Va. App. 298, 306 (2022) (noting that when interpreting a statute, we "must 'examine a statute in its entirety, rather than by isolating particular words or phrases'" (quoting *Schwartz v. Commonwealth*, 45 Va. App. 407, 450 (2005))). For example, the Supreme Court concluded that the term "any restrictive covenant" in a 1991 amendment to Code § 36-96.6(C) applied retroactively to restrictive covenants recorded before the effective date of the amendment. *Sussex Cmty. Servs. Ass'n*, 251 Va. at 243-45. But the Court also relied on the fact that the earlier version of the statute had expressly limited its application to restrictive covenants executed after July 1, 1986. *Id.* at 244. By removing that time limitation, the General Assembly evinced an intent to make the 1991 amendment apply retroactively. *Id.* at 244-45. Here no similar additional context supports the conclusion that the 2019 amendment to Code § 13.1-721(A)(3) applies retroactively.

"[T]he General Assembly knows how to make its intent manifest that a statute has retroactive application," but it has not done so here. *City of Charlottesville*, 299 Va. at 531. We see no "express manifestation of intent by the legislature" for the 2019 amendment to Code § 13.1-721(A)(3) to apply retroactively, so we will not infer one. *Va. Elec. & Power Co.*, 300 Va. at 166 (quoting *Bailey*, 289 Va. at 359). Thus, the circuit court did not err by concluding that the codification of Code § 13.1-721(A)(3) in effect in 2016 when the lease was formed controls interpretation of the lease, and the 2019 amendments did not apply retroactively to undo any contract rights established in 2016.[2]

CONCLUSION

For the foregoing reasons, the circuit court's judgment is affirmed.

*Affirmed.*

---

[2] This opinion is narrow and addresses only the arguments as they were presented to the circuit court and are preserved on appeal. We do not interpret any version of Code § 13.1-721 or the effect of the 2019 amendments. We merely affirm the circuit court's judgment based on the issue and arguments as they were presented below and on appeal.